IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PHILLIP D. JOHNSON, on behalf of       )
Shirley Lee Johnson, Deceased,         )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )   Case Number CIV-05-132-C
                                       )
FORETHOUGHT LIFE INSURANCE             )
COMPANY, a foreign corporation,        )
                                       )
                    Defendant.         )

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Partial Summary Judgment. Plaintiff filed a response[*] to which Defendant filed a reply. This matter is now at issue.

## I. BACKGROUND

Plaintiff's mother, Shirley Johnson, purchased a life insurance policy from Defendant. After Ms. Johnson's death, Defendant, acting within the contestability period, obtained Ms. Johnson's medical records, determined she had incorrectly answered a question, rescinded the policy and issued a policy which paid reduced death benefits. Plaintiff filed this action alleging Defendant's actions were in bad faith and constitute deceit. Defendant filed the present motion attacking only the bad faith claim. In its motion, Defendant argues the

---

[*] The Court notes the courtesy copy of Plaintiff's response fails to comply with LCvR 5.2(b) which states: "Courtesy copies must be bound at the left-hand margin in a manner that permits them to be opened flat." Plaintiff's response brief also fails to comply with LCvR 56.1(c), in that it does not begin with a "concise statement of material facts to which the party asserts genuine issues of fact exist."

unambiguous contract language clearly establishes that Ms. Johnson made a material misrepresentation on the application and therefore its actions cannot be in bad faith. Defendant also argues that in the event its actions were incorrect, there can be no bad faith because its actions were premised on a legitimate dispute.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).

"The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

Although the parties spend a great deal of time in their briefs arguing about the alleged misdeeds of Defendant, the sole issue before the Court is rather straightforward -- does Defendant's failure to consider whether Ms. Johnson had an intent to deceive demonstrate it acted in bad faith when it rescinded the policy?

It is undisputed that Ms. Johnson had circulatory and heart disorders within the five-year period preceding her application for insurance. It is also undisputed that Ms. Johnson answered a question on the application inquiring about the existence of such health issues in the negative. Defendant argues these two facts entitle it to judgment on Plaintiff's claim. The Court disagrees.

Oklahoma law permits an insurance company to avoid payment on a life insurance policy if it was issued due to a misrepresentation by the insured. See 36 Okla. Stat. § 3609. The Oklahoma Supreme Court defined the term "misrepresentation" in the context of this statute in Massachusetts Mut. Life Ins. Co. v. Allen, 1965 OK 203, ¶ 0, 416 P.2d 935, 936,

where it is stated in the Court's syllabus:

> A "misrepresentation" in negotiations for a life insurance policy under 36 O.S. 1961, Sec. 3609, is a statement as a fact of something which is untrue, and which the insured knows or should know is untrue, or which he states positively as true without knowing it to be true, and which has a tendency to mislead, where such misrepresentation is material to the risk.

The Tenth Circuit, relying on this definition, as well as other Oklahoma Supreme Court cases, stated: "When Massachusetts Mutual, Brunson, and Claborn are considered together, we are persuaded that section 3609 requires a finding of intent to deceive before an insurer can avoid the policy." Hays v. Jackson Nat'l Life Ins. Co., 105 F.3d 583, 588 (10th Cir. 1997). The circuit's assessment of the statute is supported by a recent Oklahoma Supreme Court decision. In Scottsdale Ins. Co. v. Tolliver, 2005 OK 93, -- P.3d --, 2005 WL 3470044 (Okla.), the Oklahoma Court received a request from the United Stated District Court for the Northern District of Oklahoma to answer the following certified question: "Whether Oklahoma law requires a finding that the insured intended to deceive the insurer before a misrepresentation, omission, or incorrect statement on an insurance application can serve as a ground to prevent recovery under the policy pursuant to Okla. Stat. Tit. 36 § 3609." Id. The Oklahoma Supreme Court declined to answer the question stating: "We have three times followed Massachusetts Mutual's requirement of a finding of an 'intent to deceive' the insurer before a policy may be avoided by reason of the insured's false statement or omission in the application." Id. at ¶ 11. Thus, it is clear that under the well settled law of Oklahoma, an insurance company must make a determination that the insured intended to deceive, before a policy may by avoided under § 3609. In its reply, Defendant attempts to justify its decision

4

based on its version of the facts. However, the deposition testimony of Ms. Billman, the person responsible for making the recommendation, makes clear that no consideration is given to the intent of the insured.

Defendant argues that even if they failed to act properly in addressing Ms. Johnson's claim for benefits, any dispute was legitimate and there can be no bad faith claim. The Court disagrees. As noted above, Oklahoma law clearly requires consideration of the intent of the insured before an insurance company takes action permitted by § 3609. The facts regarding the reasonableness of Defendant's actions is in dispute and therefore the bad faith claim must be submitted to the jury. "A jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness and good faith of the insurer's conduct." Oulds v. Principal Mut. Life Ins. Co., 6 F.3d at 1431, 1436 (10th Cir. 1993); see also McCorkle v. Great Atl. Ins. Co., 1981 OK 128, ¶ 21, 637 P.2d 583, 587:

> the essence of the intentional tort of bad faith with regard to the insurance industry is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

In addition, Oklahoma law imposes on Defendant an obligation to undertake an investigation reasonable under the circumstances before it denies Plaintiff's claim. "[W]hen presented with a claim by its insured, an insurer must conduct an investigation reasonably appropriate under the circumstances and the claim must be paid promptly unless the insurer has a

reasonable belief that the claim is legally or factually insufficient." Newport v. USAA, 2000 OK 59, ¶ 10, 11 P.3d 190, 195 (citations omitted). Here, there is a substantial question as to whether Defendant's investigation and actions with regard to Ms. Johnson's policy were reasonable. Finally, under Oklahoma law, whether the insurer acted in bad faith is measured by the knowledge of the insurer at time performance was requested. See id., 2000 OK 59, ¶ 10, 11 P.3d at 196 (quoting Buzzard v. Farmers Ins. Co., 1991 OK 127, ¶ 14, 824 P.2d 1105, 1109 (quoting Buzzard v. McDanel, 1987, OK 28, ¶ 10, 736 P.2d 157, 159)):

> The decisive question is whether the insurer had a "good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy." "The knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim."

Here, Defendant's representative clearly stated she did not consider Ms. Johnson's intent despite Oklahoma law requiring that consideration. Thus, a reasonable jury could find Defendant did not have a justifiable reason for withholding payment under the policy.

According to Defendant, Plaintiff seeks to pursue a bad faith claim against it based on the actions of its agent Steve Fuller in selling Ms. Johnson a new policy rather than issuing a replacement policy. Defendant argues that Plaintiff may not pursue a bad faith claim based on the actions of its agent. Plaintiff offers no response to this argument. Nevertheless, Defendant is not entitled to judgment as the issues raised by Plaintiff in the Complaint and Joint Status Report do not reflect an intent to pursue a bad faith claim based on the actions of Mr. Fuller. Rather, it is apparent Plaintiff's claims based on the actions of Mr. Fuller are premised on deceit and false representation.

## IV.  CONCLUSION

As set forth more fully herein, at a minimum, questions of fact remain regarding whether Defendant's actions on Ms. Johnson's policy were reasonable in light of Defendant's failure to consider whether there was an intent to deceive.  Accordingly, Defendant's Motion for Partial Summary Judgment (Dkt. No. 27) is DENIED.

IT IS SO ORDERED this 9th day of February, 2006.

ROBIN J. CAUTHRON
United States District Judge